ADAM WANG (STATE BAR NUMBER 201233)
DAL BON & WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel:  (408) 292-1040
Fax:  (408) 292-1045

Attorney for Plaintiff
Hepsiva Martinez

UNITED STATES DISTRICT COURT

FOR DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| HEPSIVA MARTINEZ<br><br>PLAINTIFF,<br><br>VS.<br><br>PHYJAN INC., TAMKAR INC. AND DOES 1 TO 10<br><br>Defendants | Case No.:C07-05723 MPH<br><br>**COMPLAINT FOR DAMAGE AND DEMAND FOR JURY TRIAL**<br>1). Violation of California Labor Code §1194; 2). Violations of The Fair Labor Standards Act (Non-payment of overtime); 3). Failure to Provide Meal/Rest Periods (Cal. Lab. Code § 226.7) 4). "Waiting Time" Penalties under California Labor Code §203; and 5). For Restitution of Unpaid Wages in Violation of California Unfair Trade Practices Act under Business and Professions Code § 17203 |

Plaintiff, Hepsiva Martinez, for his complaint, alleges as follows:

**NATURE OF CLAIM**

1. This is a complaint by a former employee against his ex-employer for damages arising out of his employer's failure to pay overtime as required by the Fair Labor Standards Act and the California Wage Orders and statutes. The Plaintiff seeks compensatory damages for unpaid wages in addition to liquidated damages under 29 U.S.C. § 216(b), damages under California Labor Code §226.7 for failure to provide meal periods, waiting time penalties under California Labor Code §§ 203, and attorney's fees, costs, and pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b).  Plaintiff also seeks restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

## PARTIES

2. At all times relevant herein, the Plaintiff was an employee of defendants Phyjan Inc. and Tamkar Inc.

3. Defendants Phyjan Inc. and Tamker Inc. are engaged in restaurant business in northern California, doing business as Round Table Pizza .

4. The individual Does 1 through 10, according to information and belief are owners and managers of defendant Phjan Inc. and Tamkar Inc., having control over Plaintiff's work condition and work situation.

5. Defendants Phjan Inc. and Tamkar Inc. acted as joint employer of Plaintiff.

## SUBJECT MATTER JURISDICTION AND VENUE

6. Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§201 et. seq. and the pendant jurisdiction of this Court.

7. This Court is a proper venue, since all events giving rise to this lawsuit have occurred in this district.

## GENERAL ALLEGATIONS

8. Plaintiff was employed by the Defendants as a pizza maker and cashier.

9. Throughout his employment with defendants, the plaintiff worked substantial number of overtime hours in excess of 8 hours a day and forty fours a week.

10. Plaintiff did not perform "exempt" job duties in his position as a Maintenance worker with Defendants, and thus was not subjected to any exemptions from overtime pursuant to the Fair Labor Standards Act, at 29 *CFR 541.112,541.209* and *541.309*. The Plaintiff was not even marginally responsible for management or administrative functions, and his primary job duties did not require him to exercise independent discretion and judgment or regularly require invention or imagination in a recognized field of artistic endeavor more than fifty percent of his working time.

11. At no time during the Plaintiff's employment did plaintiff maintain any professional license with the state or practice any recognized profession, nor did plaintiff exclusively manage

any division of Defendants where plaintiff customarily and regularly exercised discretionary powers or perform services of management. Plaintiff did not directly supervise any employees nor did he participate in the development of general administrative policies of his employer.

## COUNT ONE

*Violation of California Labor Code, Non Payment Of Overtime*

*Labor Code §510*

12. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-11 as if fully stated herein.

13. At all relevant times herein, plaintiff's employment was subject to California Labor Code §§ 1194 and 510, and the applicable Wage Orders promulgated by the California Industrial Welfare Commission pursuant to Labor Code § 1173, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day, unless specifically exempted by the law.

14. During his employment with the Defendants, although plaintiff regularly worked in excess of forty hours per week and in excess of eight hours per day, plaintiff did not received required overtime rate from defendant for these overtime hours.

15. During the period that plaintiff was employed with Defendants, Defendants knowingly caused, suffered and permitted plaintiff to regularly work in excess of forty hours per week and eight hours per day without paying plaintiff one and one half, or double of plaintiff's regular rate of pay.

16. By not paying overtime wages in compliance with the state law, defendants violated plaintiff's rights under the law, specifically California Labor Code § 1194.

17. As a direct and proximate result of defendants' failure to pay proper wages under the California Wage Orders, Plaintiff incurred general damages in the form of lost overtime wages in amount to be proved at trial.

18. Defendant had been aware of the existence and requirements of the California Labor Code §§ 510 and 1194 and the Wage Orders, and willfully, knowingly and intentionally failed to

pay plaintiff the overtime compensation due to his at the time his employment ended.

19. Plaintiff was required to retain attorneys for the purpose of bringing this action and is entitled to an award of attorney's fees and pre-judgment interest pursuant to California Labor Code § 1194(a).

WHEREFORE, plaintiff prays for judgment as set forth below.

## COUNT TWO

*Violation of The Fair Labor Standards Act.,*

*29 U.S. C. §201, et seq.*

20. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-19 as if fully stated herein.

21. At all relevant times herein, plaintiff's employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. and the plaintiff was an individual employee covered by virtue of his direct engagement in interstate commerce.

22. FLSA, 29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

23. Although plaintiff was not so exempt during his employment with defendants, defendant knowingly caused, suffered, and permitted plaintiff to regularly work in excess of forty hours per week without paying plaintiff one and one half of plaintiff's regular rate of pay.

24. By not paying overtime wages in compliance with FLSA, defendant violated plaintiff's rights under FLSA.

25. As a direct and proximate result of defendants' failure to pay proper wages under the FLSA, plaintiff incurred general damages in the form of lost overtime wages in amount to be proved at trial.

26. Defendant intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay plaintiff his proper pay, and thus defendant is liable to plaintiff for liquidated damages in an amount equal to his lost overtime wages pursuant to 29

4

U.S.C. § 216(b) of the FLSA.

27. Plaintiff was required to retain attorneys for bringing this action and is entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA equal to his respective lost overtime wages.

WHEREFORE, plaintiff prays for judgment as set forth below.

## COUNT THREE

*Failure to Provide Meal and Rest Periods*

*California Labor Code § 226.7*

28. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1-26 as if fully restated hereinafter.

29. At relevant times herein, plaintiff's employment with Defendants was subject to the provisions of California Labor Code § 226.7, which requires employer to provide employees an half-hour meal period for every five hours worked, and at least a 10-minute rest period for every four hours worked, unless expressly exempted.

30. During his employment with Defendants, plaintiff worked at least 8 hours a day, and was not provided any meal period and rest period as required by law.

31. For each time that plaintiff was not provided the required rest and/or meal period, he is entitled to recover one additional hour of pay at each employee's regular rate of compensation pursuant to California Labor Code section 226.7.

32. Plaintiff is therefore entitled to payment in an amount to be proved at trial. Plaintiff is also entitled to payment of their reasonable attorney's fees and costs of suit incurred in recovering the additional pay pursuant to California Labor Code section 218.5, and interest pursuant to California Labor Code section 218.6.

WHEREFORE, plaintiff prays for judgment as set forth below.

## COUNT FOUR

*Penalty for Failure to Pay Wages at Termination*

5

**COMPLAINT**
Martinez v. Phyjan, Inc. et al.

*California Labor Code § 203*

33. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-32 as if fully stated herein.

34. At the time plaintiff's employment with Defendants terminated, Defendants owed plaintiff in certain unpaid overtime wages.

35. Failure to pay proper wages at an employee's termination as required by Labor Code §201 subjects the employer to penalties provided for in Labor Code § 203, up to 30 days of wages.

36. As of this date these wages have not been paid, thus making defendants liable to Plaintiff for penalties equal to thirty (30) days wages in amount to be proved at trial. WHEREFORE, plaintiff prays for judgment as set forth below.

## COUNT FIVE

*For Restitution of Unpaid Overtime Wages
in Violation of California's Unfair Trade Practices Act*

*Business and Profession Code § 17203*

37. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-36 as if fully stated herein.

38. At all times relevant herein, plaintiff's employment with Defendants was subject to California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day unless specifically exempted by the law.

39. At all times relevant herein, defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay the plaintiff overtime pay as required by applicable California Labor Code and applicable Wage Orders.

40. During the period plaintiff was employed with Defendants, Defendants failed to pay plaintiff legally required overtime pay to which he was legally entitled from defendants, with

defendants keeping to themselves the amount which should have been paid to plaintiff.

41. By doing so, defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, *et seq.* by committing acts prohibited by applicable California Wage Orders as well as FLSA, and thus giving them a competitive advantage over other employers and businesses with whom defendants were in competition and who were in compliance with the law.

42. As a direct and proximate result of defendants' failure to pay the required overtime pay, the plaintiff's rights under the law were violated and the plaintiff incurred general damages in the form of unpaid wages to which he was legally entitled.

43. Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of state and federal wage and hours laws, but willfully, knowingly, and intentionally failed to pay plaintiff overtime pay due.

44. Plaintiff, having been illegally deprived of the overtime pay to which he was legally entitled, herein seeks restitution of such wages pursuant to the Business and Professions Code §17203.

WHEREFORE, plaintiff prays for judgment as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays judgment against the defendants and demands as follows:

1. For compensatory damages in unpaid overtime wages in amount to be proved at trial;

2. For liquidated damages equal to unpaid overtime wages in amount to be proved at trial;

3. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §§ 1194(a) & 218.5;

4. For additional pay for failure to provide meal and/or rest periods in amount to be proved at trial;

5. For waiting time penalty damages of thirty days wages to Plaintiff, respectively, pursuant to California Labor Code § 203 in amount to be proved at trial;

     6. For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in amount to be proved at trial;

     7. For reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

     8. For costs of suit herein;

     9. For such other and further relief as the Court may deem appropriate;

Dated: October 31, 2007                    DAL BON & WANG
                                             ADAM WANG

                                             By: /s/ Adam Wang
                                                  Attorney for Plaintiff
                                                  Hepsiva Martinez

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: October 31, 2007                                DAL BON & WANG
                                                     ADAM WANG

                                           By:  /s/ Adam Wang           .
                                                  Attorney for Plaintiff
                                                  Hepsiva Martinez

**COMPLAINT**
Martinez v. Phyjan, Inc. et al.