BRUCE NAPELL (State Bar No. 115116)
BRYAN W. DILLON (State Bar No. 203052)
SINGLER, NAPELL & DILLON, LLP
127 S. Main Street
Sebastopol, California 95472
Telephone: (707) 823-8719
Facsimile:  (707) 823-8737

Attorneys for Defendants
Phyljan, Inc., and Tamkar, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEPSIVA MARTINEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>PHYJAN INC., TAMKAR INC and DOES 1 TO 10,<br><br>    Defendants. | CASE NO.:  C07-05723 MHP<br><br>ANSWER OF PHYLJAN, INC., ERRONEOUSLY SUED AS PHYJAN INC., AND TAMKAR, INC.<br><br><br><br>DEMAND FOR JURY TRIAL |

Defendants hereby answer Plaintiffs' Complaint as follows:

**NATURE OF CLAIM**

1.  The complaint speaks for itself as to the allegations and claims therein.

**PARTIES**

2. Defendants admit that a woman named Hepsiva Martinez was employed by each of them.

3.  Defendants admit the allegations of Paragraph 3.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the legal conclusions contained in Paragraph 4, and on that basis deny them.

5. Defendants deny the allegations of Paragraph 5.

1

**SUBJECT MATTER JURISDICTION AND VENUE**

6. Defendants admit the allegations of Paragraph 6.

7. Defendants admit allegation that Plaintiff was employed by each of the Defendants in this district, but deny any implication that the remaining allegations in the Complaint are true.

**GENERAL ALLEGATIONS**

8. Insofar as they concern a woman named Hepsiva Martinez, Defendants admit the allegations of Paragraph 8.

9. Defendants admit each of them employed a woman named "Hepsiva Martinez." To the extent the Complaint refers to a man named "Hepsiva Martinez" Defendants deny all the allegations of Paragraph 9. Defendants admit the woman named Hepsiva Martinez worked daily and weekly overtime during her employment. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff worked a "substantial" number of overtime hours and on that basis deny the remaining allegations of Paragraph 9.

10. The statutory provisions speak for themselves and must be read in their entirety. Insofar as Plaintiff has inaccurately quoted or summarized any provision of such code sections, these Defendants deny the purported allegations of Paragraph 10. Defendants deny the remaining allegations of Paragraph 10.

11. Defendants admit the allegations of Paragraph 11 to the extent that they refer to a woman named Hepsiva Martinez. To the extent Paragraph 11 refers to a man, Defendants deny them.

**COUNT ONE**

12. Defendants incorporate by reference, as if fully set forth herein, their responses to the allegations of Paragraphs 1 through 11, inclusive..

13. The statutory provisions speak for themselves and must be read in their entirety. Insofar as Plaintiff has inaccurately quoted or summarized any provision of such code sections, these Defendants deny the purported allegations of Paragraph 13. Defendants admit that California labor law applies to employment in California.

14. Defendants admit the allegations of Paragraph 14 to the extent that they refer to a woman named Hepsiva Martinez. To the extent Paragraph 14 refers to a man, Defendants deny them.

15. Defendants deny the allegations of Paragraph 15.

16. The statutory provisions speak for themselves and must be read in their entirety. Insofar as Plaintiff has inaccurately quoted or summarized any provision of such code sections, this Defendants deny the purported allegations of Paragraph 16.

17. Defendants deny the allegations of Paragraph 17.

18. Defendants deny the allegations of Paragraph 18.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and on that basis deny them.

**COUNT TWO**

20. Defendants incorporate by reference, as if fully set forth herein, their responses to the allegations of Paragraphs 1 through 19, inclusive.

21. Defendants deny the allegations of Paragraph 21.

22. The statutory provisions speak for themselves and must be read in their entirety. Insofar as Plaintiff has inaccurately quoted or summarized any provision of such code sections, this Defendants deny the purported allegations of Paragraph 22.

23. Defendants deny the allegations of Paragraph 23.

24. The statutory provisions speak for themselves and must be read in their entirety. Insofar as Plaintiff has inaccurately quoted or summarized any provision of such code sections, this Defendants deny the purported allegations of Paragraph 24.

25. Defendants deny the allegations of Paragraph 25.

26. Defendants deny the allegations of Paragraph 26.

27. Defendants deny the allegations of Paragraph 27.

**COUNT THREE**

28. Defendants incorporate by reference, as if fully set forth herein, their responses to the

1 allegations of Paragraphs 1 through 26, inclusive.

2     29. The statutory provisions speak for themselves and must be read in their entirety. Insofar as Plaintiff has inaccurately quoted or summarized any provision of such code sections, this Defendant denies the purported allegations of Paragraph 29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29, and on that basis denies them.

    30. Defendants deny the allegations of Paragraph 30.

    31. Defendants deny the allegations of Paragraph 31.

    32. Defendants deny the allegations of Paragraph 32.

**COUNT FOUR**

    33. Defendants incorporat by reference, as if fully set forth herein, their responses to the allegations of Paragraphs 1 through 32, inclusive.

    34. Defendants deny the allegations of Paragraph 34.

    35. The statutory provisions speak for themselves and must be read in their entirety. Insofar as Plaintiff has inaccurately quoted or summarized any provision of such code sections, this Defendants deny the purported allegations of Paragraph 35.

    36. Defendants deny the allegations of Paragraph 36.

**COUNT FIVE**

    37. Defendants incorporate by reference, as if fully set forth herein, their responses to the allegations of Paragraphs 1 through 36, inclusive.

    38. The statutory provisions speak for themselves and must be read in their entirety. Insofar as Plaintiff has inaccurately quoted or summarized any provision of such code sections, this Defendants deny the purported allegations of Paragraph 38.

    39. The statutory provisions speak for themselves and must be read in their entirety. Insofar as Plaintiff has inaccurately quoted or summarized any provision of such code sections, this Defendants deny the purported allegations of Paragraph 39.

    40. Defendants deny the allegations of Paragraph 14 to the extent that they refer to a man named Hepsiva Martinez. To the extent Paragraph 14 refers to a woman, Defendants admit they

SINGLER, NAPELL & DILLON, LLP
127 S. Main Street, Sebastopol, CA 95472
(707) 823-8719   (707) 823-8737 Fax

1  did not pay Plaintiff at an overtime rate for hours worked in excess of 8 in a day or 40 in a work
2  week.
3      41.  Defendants deny the allegations of Paragraph 41.
4      42. Defendants deny the allegations of Paragraph 42.
5      43. Defendants deny the allegations of Paragraph 43.
6      44. Defendants deny the allegations of Paragraph 44.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**

Plaintiff has failed to state a claim against Defendants upon which relief can be granted.

**Second Affirmative Defense**

Defendants allege that Plaintiff's claims are barred from recovery due to the doctrine of unclean hands. Plaintiff applied for work and worked for Defendants using two different names and Social Security Numbers, but is now claiming a right to overtime compensation due to the total number of hours she worked on the same days and within the same work weeks under the two different names.

**Third Affirmative Defense**

Defendant alleges that any loss or damage alleged by Plaintiff was caused, in whole or in part, by Plaintiff's own negligence and or other fault.

**Fourth Affirmative Defense**

Defendants allege that Plaintiff's claims are barred from recovery due to the doctrine of laches. Plaintiff's failure to timely raise objection to the alleged conditions and conduct, and to enforce this claim, has prejudiced Defendants.

**Fifth Affirmative Defense**

Plaintiff failed to give Defendants notice and a reasonable opportunity to cure any alleged statutory violations before filing her complaint in this matter. Any attorneys' fees Plaintiff has incurred in prosecuting this action were therefore unreasonable, and cannot be recovered from Defendants.

**WHEREFORE**, Defendants pray for the following relief:

1. That Plaintiff take nothing by way of her Complaint;

2. That Defendants be declared the prevailing parties for all purposes in this action;

3. For such other relief as the Court determines is just and proper.

Dated: May 16, 2008                    **SINGLER, NAPELL & DILLON, LLP**

                                        /S/
                                    By_____
                                        Bruce Napell
                                        Attorneys for Phyljan, Inc., erroneously sued as
                                        Phyjan Inc., and for Tamkar, Inc.

**DEMAND FOR TRIAL BY JURY**

Defendant John Lineweaver, Trustee of the John and Rose Lineweaver Trust, erroneously sued as John and Rose Lineweaver Trust, hereby respectfully demands a trial by jury.

Dated: August 2, 2006                  **SINGLER, NAPELL & DILLON, LLP**

                                        /S/
                                    By_____
                                        Bruce Napell
                                        Attorneys for Phyljan, Inc., erroneously sued as
                                        Phyjan Inc., and Tamkar, Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SINGLER, NAPELL & DILLON, LLP
127 S. Main Street, Sebastopol, CA 95472
(707) 823-8719   (707) 823-8737 Fax