ADAM WANG, Bar No. 201233
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel: (408) 292-1040
Fax: (408) 416-0248

Attorney for Plaintiff

BRUCE NAPELL (State Bar No. 115116)
BRYAN W. DILLON (State Bar No. 203052)
SINGLER, NAPELL & DILLON, LLP
127 S. Main Street
Sebastopol, California 95472
Telephone: (707) 823-8719
Facsimile: (707) 823-8737

Attorneys for Defendants
Phyljan, Inc., and Tamkar, Inc.

UNITED STATES DISTRICT COURT

FOR DISTRICT OF NORTHERN CALIFORNIA

| HEPSIVA MARTINEZ | C07-05723 MHP |
|---|---|
| PLAINTIFF, | CASE MANAGEMENT STATEMENT |
| VS. | |
| PHYJAN INC., TAMKAR INC. AND DOES 1 TO 10 | |
| Defendants | |

In accordance with the Standing Order for All Judges of the Northern District of California, the parties in this matter hereby submit this Joint Case Management Conference Statement.

**1.    JURISDICTION AND SERVICE**

The basis for the Court's subject matter jurisdiction over Plaintiff's claims is the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* as alleged in the Complaint. There are no

existing issues regarding personal jurisdiction or venue.  There are no parties that remain to be served.

**2.   FACTS**

Plaintiff alleges that Defendants operate a number of Round Table Pizza restaurants.  She worked over 8 hours a day or 40 hours a week on regular basis, but was not paid for hours worked.  Plaintiff also claims unpaid meal break premiums for failure to provide required meal breaks under California law, and waiting time penalties for failure to pay all wages due upon termination under California Labor Code.

The principal factual issues in dispute are:

1.   Whether Defendants have paid all hours worked;

2.   Whether Plaintiff had taken required meal breaks.

**3.   LEGAL ISSUES**

Plaintiff asserts that Defendants failed to pay her overtime pay in violation of California Labor Code §§ 501 and 1194 as well as in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*  Plaintiff further alleges that Defendants violated California Labor Code § 226.7 by failing to provide meal and rest periods to Plaintiff.  Plaintiff further alleges that Defendants failed to pay her wages upon termination in violation of California Labor Code § 201.  Finally, Plaintiff seeks restitution of overtime wages in accordance with California Business & Professions Code § 17200.

**4.   MOTIONS**

Plaintiff anticipates the filing of the following motions:

(a)   Plaintiffs motion for leave to file the First Amended Complaint to allege claims pursuant to Private Attorney General's Act on behalf of all current and former employees;

(b)   Plaintiffs' Partial Summary Judgment Motion for Liability and Damages;

(f)   Plaintiffs' Motion for Attorney's Fees.

**5.   AMENDMENT OF PLEADINGS**

CASE MANAGEMENT STATEMENT
Martinez v Phyljan, Inc., et al.

Plaintiffs will seek to amend Complaint to alleged claims under Private Attorney General' Act on behalf all current and former employees once they have obtained the clearance from the Labor Commissioner.

**6.   EVIDENCE PRESERVATION**

Defendants have been notified of the need to preserve the all evidence, including the electronically restored evidence, and have taken steps to do so.

**7.   DISCLOSURES**

Parties agree to serve their respective initial disclosure no later than May 23, 2008.

**8.   DISCOVERY**

Parties agree to adhere to the limitations set forth in the Federal Rules of Civil Procedure.

**9.   CLASS ACTIONS**

N/A

**10.   RELATED CASES**

There are no related cases or proceedings pending before another Judge of this Court or before another Court or administrative body.

**11.   RELIEF**

This is a case where Defendants are expected to have kept the complete time records and payroll records of all relevant periods.  As such, fairly accurate damages sustained by Plaintiffs can be ascertained based on these records.  At this point, Plaintiffs do receive certain records from Defendants and have had chance to fully analyze records to ascertain the damages.

**12.   SETTLEMENT AND ADR**

The parties have been trying to resolve the case before Defendants having to answer, but unable to accomplish that.  Parties will continue to negotiate to reach an agreement.

Parties agree to participate in the Court sponsored mediation.

**13.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

N/A.

**CASE MANAGEMENT STATEMENT**
Martinez v Phyljan, Inc., et al.

**14.    OTHER REFERENCES**

Plaintiffs do not believe this case is suitable for a binding arbitration and will not agree to any other reference.

**15.    NARROWING OF ISSUES**

N/A

**16.    EXPEDITED SCHEDULE**

N/A

**17.    SCHEDULING**

Parties submit the following schedule to this Court in relation to discovery, motions, designation of experts, and pretrial conference and trial:

(a)    Fact discovery cutoff on February 28, 2009;

(b)    Expert reports March 15, 2009;

(c)    Expert rebuttal reports April 1, 2009;

(d)    Expert Discovery Cutoff April 30, 2009;

(e)    Last day of hearing on dispositive motion on May 17, 2009;

(f)    Trial starts June 17, 2009

(f)    The parties agree to meet and confer concerning any modifications to this plan.

**18.    TRIAL**

Both parties have requested a jury trial. The expected length of trial is 3 court days.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Parties have no person to disclose other than parties themselves.

**20.    OTHER MATTERS**

N/A.

CASE MANAGEMENT STATEMENT
Martinez v Phyljan, Inc., et al.

1 | DATED: May 18, 2008         By: /s/ Adam Wang
                                    ADAM WANG
2 |                                 Attorneys for Plaintiff

3

4 | DATED: May 18, 2008         By: /s/ BRUCE NAPELL            .
                                    BRUCE NAPELL
5 |                                 Attorney for Defendants

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**CASE MANAGEMENT STATEMENT**
Martinez v Phyljan, Inc., et al.